E-FILED
Tuesday, 24 January, 2017   04:08:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK BYRD, )<br>   Plaintiff, )<br> )<br> )<br>MAJOR BLACKARD and )<br>LIEUTENANT HENRY )<br>   Defendants )  | Case No. 16-1376 |

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, says Defendants Major Blackard and Lieutenant Henry violated his First Amendment rights at Pontiac Correctional Center when they retaliated against Plaintiff for a previous lawsuit. Specifically, Plaintiff says sometime in March or April 2015, he was moved into a cell with Inmate S who takes psychotropic medication, was difficult to live with, refused to take his medication, and became combative. The cell mate also told Plaintiff he either wanted to commit suicide or attack someone while they slept. Plaintiff claims he was moved into the cell by Lieutenant Henry and he had made no request to do so. Plaintiff filed an emergency grievance, which was unsuccessful. Plaintiff chose not to pursue the action further as he was lead

to believe, by various prison officials, that he would be moved. He claims that after a period of time when he wasn't moved he went to see Inmate S's mental health professional, Mrs. Haag. He explained to Mrs. Haag what he perceived to be Inmate S's problems. Mrs. Haag asked to see him again so she could document this in writing. He saw Mrs. Haag again on May 15, 2015, at which time she said she would talk to someone about getting Inmate S moved.  She also asked if Plaintiff had any problems with staff before she made the inquiry.   Plaintiff told Haag he believed his housing assignment might be out of retaliation because he was suing seven staff members and most of them worked under Major Blackard. On May 26, 2015, Haag told Plaintiff that she had talked to Major Blackard, but he was not going to move himi. Haag put in a request for Plaintiff to see medical.

    Inmate S was eventually moved. Plaintiff believes it was July 2015. Plaintiff sues Blackard for retaliation and further claims that Inmate S cannot be housed with a Gangster Disciple. Plaintiff lists himself as a Gangster Disciple. Plaintiff lists Lieutenant Henry as conspiring with Major Blackord.

    On May 27, 2015, Plaintiff filed another grievance, which he attaches. In that grievance he recites his conversation with Mrs. Haag and his concern about Inmate S and his belief that this might be retaliatory because he is suing seven staff members, most of which work under Major Blackard. He says, as he stated in his complaint, that on May 26, Haag told him Blackard would not approve a move of Inmate S.

    Plaintiff has not articulated a First Amendment violation.  Plaintiff has not specifically alleged any conversation with Blackord or Henry, nor any knowledge or

reasoning that would support his claim, other than he believes that to be the case due to his suing seven other staff members. Furthermore, Plaintiff has not alleged his cell mate ever physically assaulted him and therefore he cannot recover compensatory damages for his alleged mental or emotional injuries. If successful, Plaintiff would be limited to nominal damages and perhaps punitive damages. *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir.2006)(affirming award of nominal damages on First Amendment retaliation claim, and affirming denial of damages for mental injury under § 1997e(e)); *Calhoun v. DeTella*, 319 F.3d 936, 942 (7th Cir.2003)(nominal and punitive damages are available for Eighth Amendment violation, even if compensatory damages for mental suffering not available under § 1997e(e)); *Rowe v. Shake,* 196 F.3d 778, 781 (7th Cir.1999)("A prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he may have sustained.").

IT IS THEREFORE ORDERED that:

Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff has not alleged that Defendants Blackard and Henry violated his First Amendment rights when they retaliated against him based on his housing for a four month period at Pontiac Correctional Center.

Plaintiff will be allowed leave for an opportunity to correct this and shall be allowed 30 days to file an amended complaint. Plaintiff is reminded that the grievance attached to his complaint does not mention Lt. Henry and only references Major Blackford, as there is "a chance that this all might be out of retaliation" because the

seven staff members sued work for Blackford. No direct complaint of Blackford appears to be made. (Comp., p. 19).

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

    **1. Deny Plaintiff's motions for a status update as moot. [5, 6]; and 2. Set an internal court deadline 30 days from the entry of this order for the court to check on the status of the filing of amended complaint, if any.**

ENTERED this 24th day of January, 2017.

                          s/ James E. Shadid

                          _____
                                JAMES E. SHADID
                         UNITED STATES DISTRICT JUDGE